17-1325. May it please the court. My name is Joan Fund and I represent the appellant, Neil Sweeney. As the court is aware, the appellant was convicted of crimes that are jarring to a jury. Possession and distribution of child pornography under 18 U.S.C. 2252A. Because seeing the images of child pornography and videos involving child pornography that were admitted into evidence, that, I submit to the court, causes a reaction by the jury, an emotional reaction. Therefore, the evidence garnered for this conviction, I submit, included unfairly prejudicial evidence that led to an improper conviction based on emotion. As the court is aware, just briefly citing the facts, an FBI agent, Agent Matthews, is basically scouting the Internet. And scouting the Internet using a giga-tribe, peer-to-peer sharing program. He takes over an account of Local Boy and then he basically interacts with the user name Irish Rebel. There are basically four encounters or chats between those individuals. And it is on the fourth encounter that the password, the user name Irish Rebel, gives to Local Boy. And then images, these images are downloaded, approximately 30 images that include videos. Matthews does learn the IP address of the user name Irish Rebel. And certainly, ultimately, Neal Sweeney is arrested. He is brought to a search warrant is done at his residence. And he is brought to the Worcester PD, Worcester Police Department, where he is interrogated. What's important to note in the case of Barr is that no giga-tribe software was found on the laptop that was taken from the home of Neal Sweeney. And no images or pictures or anything like that of the giga-tribe was found in the residence of Neal Sweeney. But child pornography was found on that computer. On the laptop, found in the cache of the laptop, were images of child pornography. The problem with that, Your Honor, is that in the cache, you don't have to do anything to get those images in your laptop. 99% of the images were adult gay pornography that was downloaded into or was on that laptop. But when the computer expert did his analysis, he found these images in the cache. And what he testified to is that finding the images in the cache, the user doesn't have to click on those. The user doesn't even have to know they're there or know that they're there, because they just automatically come into the laptop and are put in the cache. So they're not like they're deleted. They're just in this cache that's  They're not deleted automatically. They got there somehow. Using adult pornography or looking at images of adult pornography, other images can be brought up on the screen. Accidentally it got on his laptop? There's the testimony, my understanding of the testimony of the agent Bradstreet is that the user, whoever is using this laptop, doesn't have to know that these images are there. There's no indication that the user clicked on these and was able to see these images. Yeah, it starts in those totally different points. But you have very little time. Would you move on to your legal arguments? Certainly. It's the Rule 414 issues that are highlighted in regard to this case in the court is the problem with the 414 introducing the convictions of Mr. Sweeney are troubling, because even though it's understood that these may be introduced in terms of in evidence, looking at the other cases, United States v. Jolbert or United States v. Jones or Majoroni, what you do find is that the convictions or the prior evidence of the bad acts are somehow related to the crime at hand. So for example, in Jones you have the prior conviction where they involved sexual assaults or child endangerment, the same conduct that Jones was going to undertake prior to his arrest or his stop. Isn't the government's argument that while the 414 evidence was not of pictures, it was of similar activity? In other words, that his activity was with sub-teen boys and that was the same kind of activity which was shown on the pictures? Sexual assault of two boys under age 14, one of them under age 12? Understood, Your Honors. And in fact, what the issue then becomes is it unfairly prejudicial when you have another means to have that same type of identifying the ages. So for example, in this case there were e-mails that were submitted into evidence that talks about kiddos, kiddos, camps of young boys. So there's another means to actually get that specific category, if you will. The government argues this evidence would have come in under 403 anyway because you raised the defense of identity. Basically somebody snuck in and used his computer when he didn't know about it. Well, the issue in regard to that also kind of hinges also I would submit with almost like an aiding and abetting because you have to have given somebody your password to use this GigaTribe. And what's concerning is that because GigaTribe is a software program and it isn't found on the laptop, it was set up in 2008. That's when the software, the GigaTribe program was set up in 2008 at a different IP address long before this happened at all. I submit to the court it's the issue of the unfairly prejudice to the defendant in regard to the case. It's hard to imagine a case in which admitting evidence of a prior conviction of molesting a 12-year-old and a 14-year-old boy wouldn't be highly prejudicial. I can't think of such a case. And yet Congress in adopting the rule has specifically said that this type of propensity evidence can be admitted notwithstanding the usual rule against that. So if we then turn around and apply 403 to say that categorically this is very prejudicial so we're not going to let it in, then haven't we simply eliminated Congress's judgment in 414? We would have to have, I would think, some case-specific fact that would take a particular case out of the mine run of 414 cases to say, well, this one's even more prejudicial. Well, I would submit it's the Balancing Act that it goes to. First of all, it's a may and it's not a must use it, but it also talks about the Balancing Act. What factor here would you have us rely on to say 403 actually mandates and makes it an abuse of discretion not to pull this evidence, and yet that factor would not be present in virtually every other 414 case? Well, I think it's the actual factual difference in regard to this particular case because if you look at the other cases like Trabair, Armagione, or Jones, you're talking about incidents or factual almost like a similarity, if you will, a similarity between the prior conviction and the current charges. Plus, we're talking about a 20-year time difference, and I know that time differences in and of themselves are not sufficient to exclude the 20-year time difference. You're talking about a physical act, and downloading child pornography as submitted to the court, a sexual assault does not mean somebody is going to download child pornography. So you have the difference in terms of the factual basis of this particular type of case where no child pornography was found, no gigatribe child pornography was found, and you don't have any additional information. Well, strike that. You don't have any accusations of child pornography that was used on the indecent assault and batteries that Mr. Sweeney was convicted of. So I submit to the court that you have a, you can specify, because you must on each case do your balancing in regard to admitting this evidence because it is so prejudicial. And I would submit to the court I'm fairly prejudicial. On the sentencing issue, you make a constitutional argument, and you say it violates due process for the court to have imposed a 17-year sentence here. But I don't see any Supreme Court cases cited in your brief that establish any such proposition. Your Honor, I'm raising the issue because I think it is a valid issue for this Court's consideration in terms of the lack of... You're preserving it. Okay. Thank you. Ms. Carson. May it please the Court. I just want to start with what opposing counsel said about similarity with Rule 414. Can you pull that mic a little closer to you? And speak up, please. Is this better, Your Honor? Yes. I wanted to start with a response to opposing counsel's statements about similarity in crimes in Rule 414 evidence. I would just like to point out that that's not a requirement in the text of the rule or in the case law. She highlighted United States v. Joubert and United States v. Jones for arguments that the facts of those cases, the facts of the other bad act evidence, was similar to the facts in that prosecution. That's true because of what the government was offering the evidence for in those cases, but that wasn't required. So Rule 414 allows the government to offer evidence of any prior child molestation on any matter to which it's relevant. And the matter to which it's relevant could be... You say that's relevant. That's relevant, yes, Your Honor. What you consider relevant is that the age of the people involved in the... the children involved in the previous act, that makes it relevant for this purpose under 414? Yes, Your Honor. We argue that it shows a propensity. Irish Reveille stated that he was sexually interested in children, in boys in particular, between the ages of 8 and 15 years old. And we offered the evidence of Mr. Sweeney's prior convictions for sexually interested children between age 9 and boy age 12, because that showed that Mr. Sweeney had the same sexual interest in children of the same age and gender as Irish Reveille did. In Joubert, that evidence, the propensity evidence, was offered to show a modus operandi. And in Jones, it was offered to show a plan. So in Joubert, this was how he would seduce young children. This is the way he would touch young children. That's why those crimes were similar, and that's what made it relevant. However, in this case, we're just using it for the propensity for the demonstrated sexual interest of children of a certain age and certain gender. And it goes to his identity defense? Yes, Your Honor, in response to his argument that he was not Irish Reveille. Well, identity is just another way of saying propensity in this case. But here, you can use propensity because you've got a conviction. Exactly, Your Honor. And I would just say that the reason why we were allowed to do this and the reason why it might seem a bit jarring to the court is that this type of evidence would ordinarily not be allowed under Rule 404B. It's a little tougher to get this type of evidence in under 404B. But as this court pointed out in Martinez v. Cui, Congress has decided to remove the propensity bar in sexual molestation cases such as this one. Why did Congress do that? The legislative findings indicate that Congress was concerned that it was too difficult to in sexual molestation cases of a propensity to do that that had been charged. This court recognized those congressional findings. Other circuits have disagreed with those congressional findings and constructed different frameworks to change the Rule 403 balancing test. This court rejected that approach in Martinez v. Cui, so we don't think those cases are applicable here. Well, we do have a circuit split on the point, correct? It was, what, the second circuit and what other circuit disagrees with this? The third, the sixth, the ninth, and the tenth seem to have all taken slightly different approaches and, as relevant here, are different from this court's approach. Some of them apply Rule 403 more rigorously. Some of them don't review for abuse of discretion and instead review, engage in a little more searching review of the district court's balancing test. This court, however, has decided to apply Rule 403 with an eye towards the fact that Congress removed the propensity bar. Okay, so with the circuit split, is anyone trying to take this issue to the Supreme Court? I'm not aware of any pending petition on this matter, but that's not to say that there isn't one. Does your office, you're from the SG's office, is that correct? Yes, Your Honor. Does your office want the court to get involved and resolve this issue? Do you know? No, Your Honor. Okay, thank you. No, you don't know, and no, the office doesn't want us to get involved in the split issue. The office is concerned with defending the First Circuit's position on this matter and would like this court to adhere to its precedents in Martinez v. Clee and United States v. Javier and United States v. Jones. Okay. If this court has no further questions, we urge the court to affirm. Okay, Bill, any questions? No. No, thank you. Thank you both.